## THE PRINCESS VICTORIA.*

(Circuit Court of Appeals, Ninth Circuit. May 14, 1917.)

No. 2850.

ADMIRALTY ⊜54—AGREEMENT BY STIPULATION—CONCLUSIVENESS.

Where an insurer, which was a damage claimant in a proceeding for limitation of liability for collision, entered into a stipulation fixing the amount of its claim, in which the question of its right to interest from the time it paid the insured was reserved, it cannot afterward claim interest from the.time of the collision.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 443–447.]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Proceeding in admiralty by the Canadian Pacific Railway Company, as owner of the steamship Princess Victoria, for limitation of liability. From a portion of decree the Fireman's Fund Insurance Company, damage claimant, appeals. Affirmed.

McCutchen, Olney & Willard and Ira A. Campbell, all of San Francisco, Cal., and Ballinger, Battle, Hulbert & Shorts, of Seattle, Wash., for appellant.

W. H. Bogle, Carroll B. Graves, F. T. Merritt and Lawrence Bogle, all of Seattle, Wash., for appellee Canadian Pac. R. Co.

B. S. Grosscup and W. C. Morrow, both of Tacoma, Wash., for appellees Alaska Pac. S. S. Co. and Pacific Alaska Nav. Co.

R. S. Jones and C. F. Riddell, both of Seattle, Wash., for appellee Pacific Alaska Nav. Co.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appeal in this case is from that portion of the decree of the court below disallowing interest upon the principal amount awarded the claimant there (appellant here) prior to a certain fixed date.

The record shows that on August 26, 1914, a collision occurred in the waters of Puget Sound between the steamship Princess Victoria, owned by the Canadian Pacific Railway Company, and the steamship Admiral Sampson, owned by the Alaska Pacific Steamship Company, and of which the Pacific Alaska Navigation Company was charterer; such collision resulting in the loss of the Admiral Sampson and her entire cargo. The owners of the latter ship thereupon libeled the Princess Victoria, claiming damages in the sum of $670,000, and the owner of the Princess Victoria, being one of the appellees here, thereupon filed a petition in the court below for a limitation of its liability. The appellant, Fireman's Fund Insurance Company, as insurer of cargo aboard the Admiral Sampson at the time of her sinking, filed its claim in the limitation proceeding for the sum of $31,407.

Thereafter, and on the 26th day of August, 1915, a stipulation was entered into on behalf of the owner of the Princess Victoria, and on

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 8, 1917.

behalf of both the owner and charterer of the Admiral Sampson, and on behalf of the owners of the lost cargo, including the appellant, by which it was agreed that, in so far as concerned the claims of the appellant and other insurers of the cargo, the collision occurred by reason of the mutual fault of the two vessels, and, further, that the said cargo claimants should be paid in full before any portion of the claims of any of the other parties interested were paid, and that unless the amount of the cargo claims were agreed upon such amount should be established by competent proof.

On the 5th day of November following an interlocutory decree was entered limiting the liability of the owner of the Princess Victoria to $286,225.10. Thereafter, and on June 12, 1916, a further stipulation was entered into, between the same parties making the first stipulation, by which the amounts of the respective claims of the cargo claimants were fixed, that of the appellant Fireman's Fund Insurance Company being fixed at $31,392.04; the latter stipulation further reciting the agreed fact that the appellant and the other cargo claimants "contend that they are entitled to recover, in addition to the principal amount of their respective claims as aforesaid, interest thereon at the rate of 6 per cent. from the several dates of payment of the items constituting such respective claims, and fourth parties (the cargo owners) further contend that they are also entitled to recover their taxable costs," which contention the other parties to the stipulation denied. The court below gave the appellant judgment for the amount of its claim as fixed by the stipulation, with interest on the amount of the claim so fixed from the date of the stipulation—June 12, 1916.

The sole ground of the present appeal is that the court should also have allowed the appellant interest on its claim from the date of the collision of the ships. One sufficient answer to the position is, in our opinion, that the appellant made no such contention in the court below, but, on the contrary, as is expressly recited as an agreed fact in the stipulation of June 12, 1916, all of the cargo claimants, including the appellant, there only claimed to be entitled to recover, in addition to the principal amount of their respective claims, "interest thereon at the rate of 6 per cent. from the several dates of payment of the items constituting such respective claims." When the appellant paid its insured the amount for which it was liable and thus became subrogated to the rights of the insured, is nowhere made to appear in the record; but surely it could not have been prior to the time when its insured's loss was ascertained and fixed, which was June 12, 1916.

Without considering other objections to the now asserted right of the appellant to interest extending back to the date of the collision of the ships, it is enough to say that it not only made no such contention in the court below, but there affirmatively stipulated to the contrary. Benedict on Admiralty (4th Ed.) § 566.

The portion of the decree appealed from is affirmed.